FILED

**Margaret Botkins**
**Clerk of Court**

1:48 pm, 10/16/23

Jason H. Robinson (WSBN 7-4845)
**BABCOCK SCOTT & BABCOCK, P.C.**
370 E South Temple, 4th Floor
Salt Lake City, Utah 84111
Telephone: (801) 531-7000
Facsimile: (801) 531-7060
jason@babcockscott.com

*Attorneys for Use-Plaintiff Supply Network, Inc. d/b/a Viking SupplyNet*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of SUPPLY NETWORK, INC. d/b/a VIKING SUPPLYNET, a Michigan corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>BIG RED FIRE PROTECTION LLC, a Nebraska limited liability company; BRIAN C MARINUS, an individual; FLUOR FEDERAL SOLUTIONS, LLC, a South Carolina limited liability company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>   Defendants. | **COMPLAINT**<br><br><br>Case No. 23-cv-191-ABJ<br><br>Judge _____ |

Plaintiff, Supply Network, Inc. d/b/a Viking SupplyNet ("Viking"), by and through counsel, hereby files this Complaint and complains of Defendants, and for good cause of action allege as follows:

## PARTIES

1. Viking is a Michigan corporation.

2. Defendant Big Red Fire Protection LLC ("Big Red") is a Nebraska limited liability company.

3. Defendant Brian C Marinus ("Mr. Marinus") is an individual residing in Nebraska.

4. Fluor Federal Solutions, LLC ("Fluor") is a South Carolina limited liability company.

5. National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation.

## JURISDICTION AND VENUE

6. Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

7. Pursuant to 40 U.S.C. § 3131, *et seq.* (the "Miller Act"), as amended, jurisdiction over this matter is proper in the United States District Court for the District of Wyoming. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Pursuant to 40 U.S.C. § 3131(3), venue is proper in the District of Wyoming, because the contract work at issue in this matter was furnished in Cheyenne, Wyoming.

## GENERAL ALLEGATIONS

9. Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

10. The United States of America (the "Government") desired to construct a project in Cheyenne, Wyoming, commonly known as the F.E. Warren Weapons Depot situated at approximately 6900 Alden Drive, Cheyenne, WY (the "Project").

11. To that end, the Government entered a contract (the "Prime Contract") with Fluor, as the prime contractor for purposes of the Miller Act, to construct the Project.

12. Pursuant to and in accordance with the Prime Contract and the Miller Act, Fluor as principal and National Union as surety executed and delivered Payment Bond No. 923637 (the "Bond") in favor of the Government. Pursuant to the Bond, Fluor and National Union bound themselves jointly and severally in the initial penal sum of Bond. The Bond was accepted by the Government. A true and correct copy of the Bond is attached hereto as Exhibit A.

13. Fluor, in turn, contracted with Big Red as a subcontractor, for purposes of the Miller Act, to furnish services, labor, materials and/or equipment for the Project.

14. Big Red, in turn, contracted with Viking as a supplier, for purposes of the Miller Act, to furnish materials and/or equipment for the Project.

15. Viking completely satisfied its contractual obligations to Big Red.

16.     Big Red breached its contract with Viking by failing to pay Viking for the materials and/or equipment it furnished to Big Red for the Project.

17.     Viking is a proper claimant under the Bond, because:

(a) Big Red has failed to pay Viking for the materials and/or equipment Viking furnished for the Project;

(b) Viking provided written notice to Fluor within ninety (90) days after the date on which Viking last furnished materials and/or equipment for the Project, as required by the Miller Act. A true and correct copy of Viking's notice is attached hereto as Exhibit B.

(c) More than ninety (90) days have elapsed from the date on which Viking last furnished materials and/or equipment for the Project, as required by the Miller Act; and

(d) This action is filed within the one (1) year of the date on which Viking last furnished materials and/or equipment for the Project, as required by the Miller Act.

18.     Pursuant to the Miller Act, Viking is entitled to maintain this action on the Bond against National Union and its principal Fluor.

### FIRST CLAIM FOR RELIEF
(Breach of Credit Agreement)

19.     Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

20.     Big Red completed and executed a certain Viking credit agreement, a true and correct copy of which is attached hereto as part of Exhibit C (the

4

"Agreement"), for the purpose of purchasing materials and equipment from Viking on open account.

21. Pursuant to the Agreement, Big Red ordered certain materials and/or equipment from Viking and Viking furnished the same to Big Red, and Viking has otherwise fully and completely satisfied any contractual obligations to Big Red under the terms of the Agreement.

22. Despite the foregoing, Big Red has failed to pay Viking in full for the materials and/or equipment, which failure constitutes a material breach of the Agreement for which Viking is entitled to recover.

23. Big Red is indebted to Viking for materials and/or equipment ordered by Big Red and furnished by Viking to Big Red in the amount of at least $129,176.37, plus interest at the rate of eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were due until paid in full, plus attorney fees and costs, as authorized by the Agreement. *See* Viking account statement and invoices attached hereto as Exhibit D.

### SECOND CLAIM FOR RELIEF
(Breach of Personal Guaranty)

24. Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

25. Mr. Marinus signed a personal guaranty, a copy of which is attached hereto as part of Exhibit C (the "Personal Guaranty").

26. Pursuant to the terms of the Personal Guaranty, Mr. Marinus agreed to pay Viking all amounts owed on Big Red's account, plus interest at the rate

eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were due, until paid in full, plus Viking's attorney fees and costs incurred in collecting said past due amounts.

27. Mr. Marinus has failed to pay the amounts owed to Viking under the terms of the Personal Guaranty.

28. Said failure constitutes a material breach of the Personal Guaranty.

29. As a result of said breach, Viking is entitled to the amount of $129,176.37, plus interest at the rate of eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were due until paid in full, plus attorney fees and costs, as provided for in the Personal Guaranty. *See* Viking account statement and invoices attached hereto as Exhibit D.

### THIRD CLAIM FOR RELIEF
(Miller Act Payment Bond)

30. Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

31. Pursuant to the Miller Act, Fluor as principal and National Union as surety executed and delivered the Bond to the Government.

32. Viking contracted to Fluor's subcontractor Big Red and is a claimant under the Bond.

33. Big Red failed to remit payment in full to Viking for the materials and/or equipment Viking furnished to Big Red for the Project.

34. Viking is entitled to payment from Fluor and National Union pursuant to the Miller Act and National Union's Bond for the Project.

35.     Viking is entitled to payment in the amount of at least $129,176.37, plus interest at the rate of eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were due until paid in full, plus attorney fees and costs as allowed by law and/or contract.

### FOURTH CLAIM FOR RELIEF
(Quantum Meruit / Unjust Enrichment)

36.     Viking incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

37.     Viking has furnished certain materials and/or equipment for the Project which have conferred a benefit upon Defendants.

38.     Viking acted as alleged herein with the expectation of being compensated therefor in an amount equal to the reasonable value of the materials and/or equipment furnished and has not acted as a volunteer or intermeddler.

39.     To permit Defendants to retain the benefit without compensating Viking for the reasonable value of the materials and/or equipment furnished would result in the unjust enrichment of Defendants at the expense of Viking, which should not be allowed.

### REQUEST FOR RELIEF

WHEREFORE, Viking requests the following relief:

1.      As to the First Claim for Relief and Second Claim for Relief, for a judgment in favor of Viking and against Big Red and Mr. Marinus, jointly and severally, in the amount of at least $129,176.37, plus interest at the rate of eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were

due until paid in full, plus attorney fees and costs, as authorized by the Agreement, Personal Guaranty, and applicable law.

2.  As to the Third Claim for Relief, for a judgment in favor of Viking and against Fluor and National Union, jointly and severally, in the amount of at least $129,176.37, plus interest at the rate of eighteen percent (18%) per annum (pre- and post-judgment) from the dates payments were due until paid in full, plus attorney fees and costs authorized the Bond and applicable law.

3.  As to the Fourth Claim for Relief, for a decree adjudging that Defendants are liable to Viking for the full value and benefit received by Defendants, plus interest, under the equitable doctrine of unjust enrichment or *quantum meruit* to prevent the unjust enrichment of Defendants at the expense of Viking.

4.  For such other and further relief as the Court deems just and proper.

DATED this 11th day of October, 2023.

**BABCOCK SCOTT & BABCOCK, P.C.**

/s/ *Jason H. Robinson*
Jason H. Robinson
*Attorneys for Use-Plaintiff*
*Supply Network, Inc. d/b/a*
*Viking SupplyNet*